1    AARON R. MAURICE, ESQ.
     Nevada Bar No. 006412
2    LISA J. ZASTROW, ESQ.
     Nevada Bar No. 009727
3    COLBY L. BALKENBUSH, ESQ.
     Nevada Bar No. 013066
4    **KOLESAR & LEATHAM**
     400 South Rampart Boulevard, Suite 400
5    Las Vegas, Nevada 89145
     Telephone: (702) 362-7800
6    Facsimile: (702) 362-9472
     E-Mail:    amaurice@klnevada.com
7            cbalkenbush@klnevada.com

8    Attorneys for Plaintiff,
     MORRIS SCHNEIDER WITTSTADT, LLC

9

10                 **UNITED STATES DISTRICT COURT**

11                   **DISTRICT OF NEVADA**

12                       \* \* \*

| | |
|---|---|
| MORRIS SCHNEIDER WITTSTADT, LLC, a Georgia Limited Liability Company, , | CASE NO. |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| NEVADA PROPERTY 1 LLC, a Delaware Limited Liability Company doing business as THE COSMOPOLITAN OF LAS VEGAS, | |
| Defendant. | |

Plaintiff MORRIS SCHNEIDER WITTSTADT, LLC, by and through its undersigned counsel of record, hereby complains, alleging as follows:

### JURISDICTION AND PARTIES

1.      Plaintiff Morris Schneider Wittstadt, LLC (hereinafter "the Firm"), is a Georgia limited liability company. The Firm's sole member is MHSLAW, Inc., which is a Georgia corporation with its principal place of business in Georgia. Thus, for purposes of diversity, the Firm is a citizen of Georgia. The Firm is a law firm engaged primarily in real estate closings.

2.      Upon information and belief, Defendant Nevada Property 1 LLC (hereinafter "the Cosmopolitan") is a Delaware limited liability company. Defendant operates a hotel and casino

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

1  on the Las Vegas Strip under the fictitious name "The Cosmopolitan of Las Vegas."

2      3.    Jurisdiction is proper in this Court under 28 U.S.C. § 1332(a) because there is

3  complete diversity of citizenship between Plaintiff and Defendant, and the amount in

4  controversy, exclusive of interest, costs, and attorneys' fees, exceeds the sum of $75,000.00.

5      4.    Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial

6  part of the events giving rise to this action occurred in Nevada.

7  **GENERAL ALLEGATIONS**

8      5.    Nathan E. Hardwick, IV (hereinafter "Hardwick") is a lawyer licensed to practice

9  law in the State of Georgia.  Hardwick was a partner at the Firm and directly oversaw the Firm's

10  corporate accounting, as well as the financial management and accounting matters for the real

11  estate closing practice.

12      6.    As part of its real estate closing practice, the Firm regularly received funds to be

13  held in trust and disbursed in accordance with the instructions of the parties to each transaction.

14  Pursuant to Georgia Bar Rules, these funds were held in properly created Interest on Lawyers

15  Trust Accounts (hereinafter "IOLTA Accounts").

16      7.    In early 2012, the Cosmopolitan solicited Hardwick to establish a casino account

17  at the Cosmopolitan for Hardwick's use while gambling in Las Vegas.

18      8.    Hardwick agreed to do so and began wiring funds to the Cosmopolitan.

19      9.    The funds Hardwick caused to be wired to the Cosmopolitan were not his own;

20  rather, they were funds Hardwick misappropriated from the Firm's IOLTA Accounts and other

21  Firm bank accounts.

22      10.    Hardwick caused funds from these Firm accounts to be transferred to the

23  Cosmopolitan's Wells Fargo Bank Account.

24      11.    Hardwick caused no fewer than twelve wire transfers to be made from the Firm's

25  accounts to the Cosmopolitan, with the first transfer taking place on June 29, 2012.

26      12.    In total, Hardwick transferred $3,350,000.00 from the Firm's accounts to the

27  Cosmopolitan's Wells Fargo Bank Account (hereinafter "the $3.35 million").

28  ///

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

1797395 (9245-1)

13. Hardwick's transfer of the $3.35 million to the Cosmopolitan was improper and unauthorized.

14. The Firm has had no prior business dealings with the Cosmopolitan and owed no money to the Cosmopolitan during the time period during which Hardwick was making the wire transfers from the Firm's accounts to the Cosmopolitan.

15. Were it not for Hardwick's improper and unauthorized wire transfers to the Cosmopolitan, the Firm would never have wired any money from the Firm's accounts to the Cosmopolitan.

16. The Cosmopolitan had no right to retain the $3.35 million that Hardwick improperly transferred to the Cosmopolitan as such funds were either (1) held in trust for the benefit of the Firm's clients or (2) held for the benefit of the Firm itself.

17. All of the wire transfers from the Firm's accounts to the Cosmopolitan contained information that put the Cosmopolitan on notice of the improper nature of the wire transfers and the fact that the Cosmopolitan was not entitled to accept or retain the transferred funds.

18. Upon information and belief, the Cosmopolitan was aware of other information, in addition to the information provided through the wire transfers, which put the Cosmopolitan on notice that the wire transfers from the Firm's accounts were improper.

19. The Cosmopolitan knew and/or should have known that the transfer of the $3.35 million was improper and unauthorized by the Firm.

20. Despite having knowledge of the improper nature of the wire transfers from the Firm's accounts, the Cosmopolitan elected to retain the transferred funds.

21. Despite having knowledge of the improper nature of the wire transfers from the Firm's accounts, the Cosmopolitan allowed Hardwick to withdraw some of the funds from his Cosmopolitan account for his personal use and benefit, thus aiding Hardwick in his scheme to defraud the Firm.

22. The Firm has formally demanded that the Cosmopolitan return the $3.35 million in funds received as a result of the improper wire transfers but the Cosmopolitan has refused to return the $3.35 million to the Firm.

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

23.    The Firm is entitled to recover the $3.35 million in funds that Hardwick improperly transferred to the Cosmopolitan.

## FIRST CLAIM FOR RELIEF

### (Money Had and Received)

24.    The Firm repeats and realleges the allegations previously set forth in this Complaint and incorporates the same by reference as though set forth herein in full.

25.    The Cosmopolitan received approximately $3.35 million in funds from the Firm's accounts that in equity and good conscience the Cosmopolitan should return to the Firm.

26.    No legal or equitable basis exists that would allow the Cosmopolitan to retain the $3.35 million.

27.    The Firm was damaged as a result of the Cosmopolitan's receipt and retention of the $3.35 million.

28.    The Firm is entitled to recover all funds improperly wired from the Firm's accounts that were had and received by the Cosmopolitan (an amount in excess of $75,000.00), plus any costs, fees or interest associated with pursuing this claim.

## SECOND CLAIM FOR RELIEF

### (Unjust Enrichment)

29.    The Firm repeats and realleges the allegations previously set forth in this Complaint and incorporates the same by reference as though set forth herein in full.

30.    The Firm conferred a substantial benefit upon the Cosmopolitan in the form of the $3.35 million in funds that were wired from the Firm's accounts to the Cosmopolitan, for which the Cosmopolitan has not reimbursed the Firm.

31.    The Cosmopolitan appreciated the benefit conferred on it by the Firm.

32.    The Cosmopolitan has accepted and retained the benefit conferred on it by the Firm under circumstances such that it would be inequitable for the Cosmopolitan to retain the benefit without compensating or reimbursing the Firm.

33.    The Firm was damaged as a result of the Cosmopolitan's receipt and retention of the $3.35 million.

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

34.     As a result of the foregoing, the Cosmopolitan has been unjustly enriched, to the detriment of the Firm – and the Firm has a right to recover from the Cosmopolitan – an amount in excess of $75,000.00, plus any costs, fees, or interest associated with pursuing this claim.

### THIRD CLAIM FOR RELIEF

### (Constructive Trust)

35.     The Firm repeats and realleges the allegations previously set forth in this Complaint and incorporates the same by reference as though set forth herein in full.

36.     A confidential relationship exists between the parties.

37.     Retention by the Cosmopolitan of legal title to the $3.35 million improperly wired from the Firm's accounts would be inequitable.

38.     The existence of a constructive trust on the $3.35 million is essential to the effectuation of justice.

39.     The Firm was damaged as a result of the Cosmopolitan's receipt and retention of the $3.35 million.

40.     The Cosmopolitan is a trustee of property belonging to the Firm that is valued at in excess of $75,000.00, which in equity and good conscience should be returned to the Firm.

41.     The Firm is also entitled to recover any fees and costs associated with pursuing this claim.

### FOURTH CLAIM FOR RELIEF

### (Conversion)

42.     The Firm repeats and realleges the allegations previously set forth in this Complaint and incorporates the same by reference as though set forth herein in full.

43.     The Cosmopolitan committed a distinct act of dominion – wrongfully exerted over the $3.35 million – which is the Firm's property.

44.     The act was in denial of, or inconsistent with, the Firm's title or rights to the $3.35 million.

45.     The act was in derogation, exclusion, or defiance of the Firm's title or rights to the $3.35 million.

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

46.     The Firm was damaged as a result of the Cosmopolitan's receipt and retention of the $3.35 million.

47.     The Cosmopolitan's actions have damaged the Firm in an amount in excess of $75,000.00, plus any costs, fees, or interest associated with pursuing this claim.

### FIFTH CLAIM FOR RELIEF

### (Aiding and Abetting the Breach of a Fiduciary Duty)

48.     The Firm repeats and realleges the allegations previously set forth in this Complaint and incorporates the same by reference as though set forth herein in full.

49.     A fiduciary relationship existed between Hardwick and the Firm.

50.     Hardwick breached that fiduciary relationship by making improper and unauthorized wire transfers from the Firm's accounts to the Cosmopolitan.

51.     The Cosmopolitan knowingly aided and abetted Hardwick's breach of fiduciary duty by receiving and retaining the funds improperly wired by Hardwick from the Firm's accounts and then allowing Hardwick to withdraw some of the funds for his personal use and benefit.

52.     Hardwick's breach of fiduciary duty and the Cosmopolitan's knowing participation in that breach has resulted in damages to the Firm in an amount in excess of $75,000.00, plus any costs, fees, or interest associated with pursuing this claim.

**WHEREFORE**, the Firm prays for judgment as follows:

1.     For judgment in favor of the Firm and against the Cosmopolitan on all counts asserted herein;

2.     For actual, compensatory, consequential, and special damages in an amount in excess of $75,000.00;

3.     For pre- and post-judgment interest on any money judgment;

4.     For attorneys' fees and costs incurred by Plaintiff as a result of bringing this action;

5.     For a declaration of rights and obligations between the parties;

6.     For equitable relief as plead herein; and

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

7.      For such other further relief as this Court may deem just and proper.

DATED this 19th day of June, 2015.

KOLESAR & LEATHAM

By _____
AARON R. MAURICE, ESQ.
Nevada Bar No. 006412
LISA J. ZASTROW, ESQ.
NEVADA BAR. No. 009727
COLBY L. BALKENBUSH, ESQ.
Nevada Bar No. 013066
400 South Rampart Boulevard
Suite 400
Las Vegas, Nevada 89145

Attorneys for Plaintiff,
MORRIS SCHNEIDER WITTSTADT, LLC

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

1797395 (9245-1)