AARON R. MAURICE, ESQ.
Nevada Bar No. 006412
COLBY L. BALKENBUSH, ESQ.
Nevada Bar No. 013066
**KOLESAR & LEATHAM**
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Telephone: (702) 362-7800
Facsimile: (702) 362-9472
E-Mail:   amaurice@klnevada.com
          cbalkenbush@klnevada.com

*Attorneys for Plaintiff, MORRIS SCHNEIDER WITTSTADT, LLC*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MORRIS SCHNEIDER WITTSTADT, LLC, a Georgia Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>NEVADA PROPERTY 1 LLC, a Delaware Limited Liability Company doing business as THE COSMOPOLITAN OF LAS VEGAS,<br><br>Defendant. | CASE NO. 2:15-cv-01175-RFB-VCF<br><br>**STIPULATION AND ORDER GRANTING MORRIS SCHNEIDER WITTSTADT, LLC LEAVE TO FILE ITS FIRST AMENDED COMPLAINT** |

IT IS HEREBY STIPULATED between Plaintiff Morris Schneider Wittstadt, LLC ("MSW" or "Plaintiff"), and Defendant Nevada Property 1, LLC dba The Cosmopolitan of Las Vegas ("the Cosmopolitan of Las Vegas" or "Defendant"), by and through their respective counsel, that MSW may amend its Complaint [Doc. 1] to add Landcastle Acquisition Corp. ("Landcastle") as a plaintiff to this litigation.

MSW has assigned to Landcastle all of MSW's claims involving Nathan E. Hardwick, IV's (hereinafter "Hardwick") alleged improper transfers of funds from MSW's IOLTA accounts

and other MSW bank accounts to the Cosmopolitan of Las Vegas (the "Claims"). This assignment permits Landcastle to bring suit in MSW's name when prosecuting the Claims. Due to this assignment, it is proper to add Landcastle as a plaintiff to the above captioned litigation.

The Cosmopolitan of Las Vegas has no personal knowledge of the facts surrounding MSW's alleged assignment of the Claims to Landcastle and reserves the right to dispute said assignment. However, the Cosmopolitan of Las Vegas and MSW hereby agree, consent and stipulate that MSW may amend its Complaint [Doc. 1] to add Landcastle as a plaintiff to this action.

A copy of MSW's proposed First Amended Complaint is attached hereto as **Exhibit 1**. This stipulation is made in accordance with FED. R. CIV. P. 15(a)(2).

Dated this 17th day of September, 2015.

**KOLESAR & LEATHAM**

/s/ Colby L. Balkenbush
_____
AARON R. MAURICE, ESQ.
Nevada Bar No. 006412
COLBY L. BALKENBUSH, ESQ.
Nevada Bar No. 013066
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145

*Attorneys for Plaintiff*
*Morris Schneider Wittstadt, LLC*

Dated this 17th day of September, 2015

**WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC**

/s/ D. Lee Roberts
_____
D. LEE ROBERTS, ESQ.
Nevada Bar No. 008877
6385 S. Rainbow Boulevard., Suite 400
Las Vegas, Nevada 89118

*Attorney for Defendant*
*Nevada Property 1, LLC dba The Cosmopolitan of Las Vegas*

\* \* \* \* \*

## ORDER

IT IS SO ORDERED:

_____
RICHARD F. BOULWARE, II
United States District Judge
DATED this 20th day of September, 2015.

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of Kolesar & Leatham and that on the 17th day of September, 2015, I caused to be served a true and correct copy of foregoing **STIPULATION AND ORDER GRANTING MORRIS SCHNEIDER WITTSTADT, LLC LEAVE TO FILE ITS FIRST AMENDED COMPLAINT** in the following manner:

(ELECTRONIC SERVICE)  Pursuant to Rule 5-4 of the Local Rules of Civil Practice of the United States District Court for the District of Nevada, the above-referenced document was electronically filed on the date hereof and served through the Notice of Electronic Filing automatically generated by that Court's facilities.

/s/ Christie Colacci
An Employee of KOLESAR & LEATHAM

# EXHIBIT "1"

# EXHIBIT "1"

AARON R. MAURICE, ESQ.
Nevada Bar No. 006412
COLBY L. BALKENBUSH, ESQ.
Nevada Bar No. 013066
**KOLESAR & LEATHAM**
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Telephone: (702) 362-7800
Facsimile: (702) 362-9472
E-Mail:    amaurice@klnevada.com
           lzastrow@klnevada.com
           cbalkenbush@klnevada.com

Attorneys for Plaintiff,
MORRIS SCHNEIDER WITTSTADT, LLC,
and LANDCASTLE ACQUISITION, CORP.

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MORRIS SCHNEIDER WITTSTADT, LLC, a Georgia Limited Liability Company; and LANDCASTLE ACQUISITION, CORP., a Delaware Corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>NEVADA PROPERTY 1 LLC, a Delaware Limited Liability Company doing business as THE COSMOPOLITAN OF LAS VEGAS,<br><br>Defendant. | CASE NO. 2:15-cv-O1175-RFB-VCF<br><br>**FIRST AMENDED COMPLAINT** |

Plaintiffs MORRIS SCHNEIDER WITTSTADT, LLC and LANDCASTLE ACQUISITION CORP. ("Plaintiffs"), by and through their undersigned counsel of record, hereby complain, alleging as follows:

## JURISDICTION AND PARTIES

1.  Plaintiff Morris Schneider Wittstadt, LLC (hereinafter the "Firm"), is a Georgia limited liability company. The Firm's sole member is MHSLAW, Inc., which is a Georgia corporation with its principal place of business in Georgia. Thus, for purposes of diversity, the Firm is a citizen of Georgia. At all times relevant herein, the Firm was a law firm whose practice

1797395 (9245-1)                    Page 1 of 8

1 primarily involved real estate transactions, including real estate closings, foreclosures, and title insurance.

2. Plaintiff Landcastle Acquisition Corp. (hereinafter "Landcastle"), is a Delaware corporation with its principal place of business in Florida. Thus, for purposes of diversity, Landcastle is a citizen of Delaware. Landcastle is also a citizen of Florida, its principal place of business.

3. Upon information and belief, Defendant Nevada Property 1 LLC (hereinafter "the Cosmopolitan") is a Delaware limited liability company. Defendant operates a hotel and casino on the Las Vegas Strip under the fictitious name "The Cosmopolitan of Las Vegas." Upon information and belief, the Cosmopolitan is owned by Blackstone Real Estate Partners VII-NQ L.P., a division of the New York City based Blackstone Group private equity firm. Upon information and belief, the Cosmopolitan is therefore a citizen of New York. The Cosmopolitan is also a citizen of Nevada, its principal place of business.

4. Jurisdiction is proper in this Court under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiffs and Defendant, and the amount in controversy, exclusive of interest, costs, and attorneys' fees, exceeds the sum of $75,000.00.

5. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this action occurred in Nevada.

## GENERAL ALLEGATIONS

6. Nathan E. Hardwick, IV (hereinafter "Hardwick") is a lawyer licensed to practice law in the State of Georgia. Hardwick was a partner at the Firm and directly oversaw the Firm's corporate accounting, as well as the financial management and accounting matters for the real estate closing practice.

7. As part of its real estate closing practice, the Firm regularly received funds to be held in trust and disbursed in accordance with the instructions of the parties to each transaction. Pursuant to Georgia Bar Rules, these funds were held in properly created Interest on Lawyers Trust Accounts (hereinafter the "Firm's IOLTA Accounts").

8. In early 2012, the Cosmopolitan solicited Hardwick to establish a casino account

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

1 at the Cosmopolitan for Hardwick's use while gambling in Las Vegas.

2     9.    Hardwick agreed to do so and began wiring funds to the Cosmopolitan.

3     10.    The funds Hardwick caused to be wired to the Cosmopolitan were not his own; rather, they were funds Hardwick misappropriated from the Firm's IOLTA Accounts and other bank accounts of the Firm.

    11.    Hardwick caused funds from the Firm's IOLTA Accounts and the Firm's other bank accounts (hereinafter collectively the "Firm's Accounts") to be transferred to the Cosmopolitan's Wells Fargo Bank Account.

    12.    Hardwick caused no fewer than twelve wire transfers to be made from the Firm's Accounts to the Cosmopolitan, with the first transfer taking place on June 29, 2012.

    13.    In total, Hardwick transferred $3,350,000.00 from the Firm's Accounts to the Cosmopolitan's Wells Fargo Bank Account (hereinafter "the $3.35 million").

    14.    Hardwick's transfer of the $3.35 million to the Cosmopolitan was improper and unauthorized.

    15.    The Firm has had no prior business dealings with the Cosmopolitan and owed no money to the Cosmopolitan during the time period during which Hardwick was making the wire transfers from the Firm's Accounts to the Cosmopolitan.

    16.    Were it not for Hardwick's improper and unauthorized wire transfers to the Cosmopolitan, the Firm would never have wired any money from the Firm's Accounts to the Cosmopolitan.

    17.    The Cosmopolitan had no right to retain the $3.35 million that Hardwick improperly transferred to the Cosmopolitan as such funds were either (1) held in trust by the Firm for the benefit of the Firm's clients or (2) held for the benefit of the Firm itself.

    18.    All of the wire transfers from the Firm's Accounts to the Cosmopolitan contained information that put the Cosmopolitan on notice of the improper nature of the wire transfers and the fact that the Cosmopolitan was not entitled to accept or retain the transferred funds.

    19.    Upon information and belief, the Cosmopolitan was aware of other information, in addition to the information provided through the wire transfers, which put the Cosmopolitan

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

1   on notice that the wire transfers from the Firm's Accounts were improper.

2   20.   The Cosmopolitan knew and/or should have known that the transfer of the $3.35 million was improper and unauthorized by the Firm.

3   21.   Despite having knowledge of the improper nature of the wire transfers from the Firm's Accounts, the Cosmopolitan elected to retain the transferred funds.

4   22.   Despite having knowledge of the improper nature of the wire transfers from the Firm's Accounts, the Cosmopolitan allowed Hardwick to withdraw some or all of the funds from his Cosmopolitan account for his personal use and benefit, thus aiding Hardwick in his scheme to defraud the Firm.

5   23.   Hardwick's improper transfers of funds to the Cosmopolitan created shortfalls in the Firm's IOLTA Accounts in the amounts that had been so transferred to the Cosmopolitan out of the Firm's IOLTA Accounts, which such shortfalls had to be restored, and were restored, by the Firm in the Firm's IOLTA Accounts in order for the Firm to meet its fiduciary obligations to its clients and continue in operation.

6   24.   To enable the Firm to restore all of the shortfalls in the Firm's IOLTA Accounts caused by the improper transfers from such accounts to the Cosmopolitan in order that the Firm could meet its fiduciary obligations to its clients and continue in operation, the Firm entered into an agreement with Landcastle, whereby Landcastle, in exchange for various consideration, provided the funds for the restoration of all of the shortfalls in the Firm's IOLTA Accounts created by the improper transfers from such accounts to the Cosmopolitan.

7   25.   An assignment to Landcastle of the Firm's claims involving Hardwick's improper transfers from the Firm's Accounts to the Cosmopolitan (the "Claims") was included as part of that consideration.

8   26.   That assignment permits Landcastle to bring suit in the Firm's name when prosecuting the Claims. Thus, Landcastle now stands in the shoes of the Firm and is entitled to raise and prosecute the same causes of action and defenses that the Firm could have raised and prosecuted absent the assignment of the Claims.

9   27.   Pursuant to the assignment, the Firm will share in a portion of the funds recovered

as a result of the prosecution of the Claims.

28. Plaintiffs are entitled to recover the $3.35 million in funds that Hardwick caused to be improperly transferred to the Cosmopolitan.

29. Despite a formal demand that the Cosmopolitan return the $3.35 million in funds received as a result of the improper wire transfers, the Cosmopolitan has refused to return the $3.35 million, or any portion thereof, to the Firm or Landcastle

## FIRST CLAIM FOR RELIEF

### (Money Had and Received)

30. Plaintiffs repeat and re-allege the allegations previously set forth in above paragraphs 1-29 of this Complaint and incorporate the same by reference as though set forth herein in full.

31. The Cosmopolitan received $3.35 million in funds from the Firm's Accounts that in equity and good conscience the Cosmopolitan should return to Plaintiffs.

32. No legal or equitable basis exists that would allow the Cosmopolitan to retain the $3.35 million.

33. Plaintiffs were damaged as a result of the Cosmopolitan's receipt and retention of the $3.35 million.

34. Plaintiffs are entitled to recover all funds improperly wired from the Firm's Accounts that were had and received by the Cosmopolitan (an amount in excess of $75,000.00), plus any costs, fees or interest associated with pursuing this claim.

## SECOND CLAIM FOR RELIEF

### (Unjust Enrichment)

35. Plaintiffs repeat and re-allege the allegations previously set forth in above paragraphs 1-29 of this Complaint and incorporate the same by reference as though set forth herein in full.

36. The Firm conferred a substantial benefit upon the Cosmopolitan in the form of the $3.35 million in funds that were wired from the Firm's Accounts to the Cosmopolitan, for which the Cosmopolitan has not reimbursed Plaintiffs.

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

37. The Cosmopolitan appreciated the benefit conferred on it by the Firm.

38. The Cosmopolitan has accepted and retained the benefit conferred on it by the Firm under circumstances such that it would be inequitable for the Cosmopolitan to retain the benefit without compensating or reimbursing Plaintiffs.

39. Plaintiffs were damaged as a result of the Cosmopolitan's receipt and retention of the $3.35 million.

40. As a result of the foregoing, the Cosmopolitan has been unjustly enriched, to the detriment of the Plaintiffs – and Plaintiffs have a right to recover from the Cosmopolitan – an amount in excess of $75,000.00, plus any costs, fees, or interest associated with pursuing this claim.

## THIRD CLAIM FOR RELIEF

### (Constructive Trust)

41. Plaintiffs repeat and re-allege the allegations previously set forth in above paragraphs 1-29 of this Complaint and incorporate the same by reference as though set forth herein in full.

42. The Cosmopolitan wrongly received the $3.35 million from the Firm's Accounts.

43. The Cosmopolitan accepted the funds with notice that Hardwick was violating his fiduciary duty to the Firm and its clients.

44. The Cosmopolitan received these funds as the result of commission of a wrong, unconscionable conduct, artifice, concealment, or questionable means and/or in a manner that is against equity and good conscience.

45. Although not required to recover, a confidential relationship exists between the parties.

46. No legal or equitable basis exists that would allow the Cosmopolitan to retain the funds.

47. The existence of a constructive trust on the $3.35 million is essential to the effectuation of justice.

48. Plaintiffs were damaged as a result of the Cosmopolitan's receipt and retention of

1  the $3.35 million.

2  49.  The Cosmopolitan is a trustee of property belonging to Plaintiffs that is valued at
3  in excess of $75,000.00, which in equity and good conscience should be returned to Plaintiffs.

4  50.  Plaintiffs are also entitled to recover any fees and costs associated with pursuing
5  this claim.

## FOURTH CLAIM FOR RELIEF

### (Conversion)

51.  Plaintiffs repeat and re-allege the allegations previously set forth in above paragraphs 1-29 of this Complaint and incorporate the same by reference as though set forth herein in full.

52.  The Cosmopolitan committed a distinct act of dominion – wrongfully exerted over the $3.35 million – which is the Firm's property.

53.  The act was in denial of, or inconsistent with, the Firm's title or rights to the $3.35 million.

54.  The act was in derogation, exclusion, or defiance of the Firm's title or rights to the $3.35 million.

55.  Plaintiffs were damaged as a result of the Cosmopolitan's receipt and retention of the $3.35 million.

56.  The Cosmopolitan's actions have damaged Plaintiffs in an amount in excess of $75,000.00, plus any costs, fees, or interest associated with pursuing this claim.

## FIFTH CLAIM FOR RELIEF

### (Aiding and Abetting the Breach of a Fiduciary Duty)

57.  Plaintiffs repeat and re-allege the allegations previously set forth in above paragraphs 1-29 of this Complaint and incorporate the same by reference as though set forth herein in full.

58.  A fiduciary relationship existed between Hardwick and the Firm.

59.  Hardwick breached that fiduciary relationship by causing improper and

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

1 unauthorized wire transfers to be made from the Firm's Accounts to the Cosmopolitan.

2      60.   The Cosmopolitan knowingly aided and abetted Hardwick's breach of fiduciary duty by receiving and retaining the funds improperly wired from the Firm's Accounts and then allowing Hardwick to withdraw some or all of the funds for his personal use and benefit.

     61.   Hardwick's breach of fiduciary duty and the Cosmopolitan's knowing participation in that breach has resulted in damages to Plaintiffs in an amount in excess of $75,000.00, plus any costs, fees, or interest associated with pursuing this claim.

**WHEREFORE**, Plaintiffs pray for judgment as follows:

1. For judgment in favor of Plaintiffs and against the Cosmopolitan on all counts asserted herein;

2. For actual, compensatory, consequential, and special damages in an amount in excess of $75,000.00;

3. For pre- and post-judgment interest on any money judgment;

4. For attorneys' fees and costs incurred by Plaintiffs as a result of bringing this action;

5. For a declaration of rights and obligations between the Parties;

6. For equitable relief as plead herein; and

7. For such other further relief as this Court may deem just and proper.

DATED this ____ day of September, 2015.

**KOLESAR & LEATHAM**

By _____
AARON R. MAURICE, ESQ.
Nevada Bar No. 006412
COLBY L. BALKENBUSH, ESQ.
Nevada Bar No. 013066
400 South Rampart Boulevard
Suite 400
Las Vegas, Nevada 89145

Attorneys for Plaintiff,
MORRIS SCHNEIDER WITTSTADT, LLC, and
LANDCASTLE ACQUISITION CORP.